## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KAREN GARDNER,<br>    o/b/o JCDG, a minor | ) <br> ) <br> ) |
|       Plaintiff, | ) <br> ) |
| vs. | )     **Case No. 12-cv-678-TLW** <br> ) |
| CAROLYN W. COLVIN,[1]<br>Acting Commissioner of Social Security, | ) <br> ) <br> ) |
|       Defendant. | ) |

## OPINION AND ORDER

Plaintiff Karen Gardner, seeks judicial review of the decision of the Commissioner of the Social Security Administration denying her son's claim for supplemental security income benefits under Title XVI of the Social Security Act ("SSA"), 42 U.S.C. §§ 416(i), 423, and 1382c(a)(3). In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge. (Dkt. # 8). Any appeal of this decision will be directly to the Tenth Circuit Court of Appeals.

## INTRODUCTION

In reviewing a decision of the Commissioner, the Court is limited to determining whether the Commissioner has applied the correct legal standards and whether the decision is supported by substantial evidence. See Grogan v. Barnhart, 399 F.3d 1257, 1261 (10th Cir. 2005). Substantial evidence is more than a scintilla but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See id. The Court's review is based on the record, and the Court will "meticulously examine the record as a

---

[1] Effective February 14, 2013, pursuant to Fed. R. Civ. P. 25(d)(1), Carolyn W. Colvin, Acting Commissioner of Social Security, is substituted as the defendant in this action. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act. 42 U.S.C. § 405(g).

whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." Id. The Court may neither re-weigh the evidence nor substitute its judgment for that of the Commissioner. See Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). Even if the Court might have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. See White v. Barnhart, 287 F.3d 903, 908 (10th Cir. 2002).

## BACKGROUND

Plaintiff applied for Title XVI benefits on behalf of her then 5-year old son on April 30, 2009. (R. 103-107). Plaintiff alleged a disability onset date of January 1, 2007. Id. Plaintiff claimed that her child was disabled due to "asthma/uses nebulizer/anger problems/ODD/ADHD/allergies." (R. 120). Plaintiff's claims for benefits were denied initially on November 17, 2009, and on reconsideration on May 6, 2010. (R. 62-65; 69-72). Plaintiff then requested a hearing before an administrative law judge ("ALJ"). (R. 73). The ALJ held the hearing on April 12, 2011. (R. 34-59). The ALJ issued a decision on May 5, 2011, denying benefits and finding plaintiff's child not disabled because his impairments did not rise to the "marked" or "extreme" level of at least two domains of functioning. (R. 8-26). The Appeals Council denied review, and plaintiff appealed. (R. 1-4); (Dkt. # 2). On March 26, 2014, the Court conducted a hearing. (Dkt. # 33). After reviewing the evidence and the arguments of the parties, the Court has determined that remand is appropriate.

## ANALYSIS

Plaintiff alleges two errors: (1) that the ALJ failed to make any credibility determination regarding her credibility, and (2) that the ALJ's decision is not supported by substantial evidence. Because the first issue is dispositive, the Court need not consider the second.

The Commissioner concedes that the ALJ failed to "explicitly state that Plaintiff's contentions that her child was disabled were not fully credible, [but] that finding is implicit in the ALJ's decision since he evaluated her testimony and identified inconsistencies between her statements and the evidence in the record." (Dkt. # 26 at 6). The Commissioner argues that harmless error applies to the missing analysis and cites Allen v. Barnhart, 357 F.3d 1140, 1145 (10th Cir. 2004).

The Court agrees that the ALJ clearly did not accept plaintiff's contention that her son is disabled, but this contention goes to the ultimate legal issue, which is reserved to the ALJ (the Commissioner). The question here is whether plaintiff's statements regarding her son's *behavior* are credible, and the ALJ made no finding in this regard and one cannot be discerned from the ALJ's decision. Such a finding could impact the outcome if the ALJ found plaintiff's statements to be credible, in which case the ALJ needs to analyze those statements in light of the other evidence in the record and explain how he came to his decision.

Accordingly, the ALJ's decision is reversed and remanded for the ALJ to perform a credibility analysis, explaining whether or not he found plaintiff's testimony regarding her son's behavior credible.

## CONCLUSION

For the reasons stated above, the decision of the Commissioner is **REVERSED AND REMANDED** for further proceedings consistent herewith.

SO ORDERED this 26th day of March, 2014.

_____

T. Lane Wilson
United States Magistrate Judge